
McAfee SafeKey remembers your passwords - so you don't have to.


mistress america august 14

*The New York Times*

This copy is for your personal, noncommercial use only. You can order presentation-ready copies for distribution to your colleagues, clients or customers, please click here or use the "Reprints" tool that appears next to any article. Visit www.nytreprints.com for samples and additional information. Order a reprint of this article now. »

February 21, 1986

## CITY PANEL MEMBER'S ROLE IN S.I. PROJECTS QUESTIONED

By SELWYN RAAB

A member of the City Planning Commission, John P. Gulino, represented two developers in acquiring property for multimillion-dollar projects on Staten Island that are subject to approval by the commission or other city agencies, court and city records show.

"There is at least the possibility of an appearance of impropriety," the counsel to the city's Board of Ethics, Judith Grad, said after being asked if Mr. Gulino's legal representation violated conflict-of-interest provisions of the City Charter.

Miss Grad said she would have to review the extent of Mr. Gulino's legal services to the developers before deciding if the matter should be referred to the five-member Board of Ethics.

Mr. Gulino, who is a lawyer and the Staten Island representative on the Planning Commission, said he saw no potential conflict of interest in his actions because he had not appeared on behalf of the developers before any city agency, including the commission. Active in Democratic Politics

Mr. Gulino, who is active in Democratic politics on Staten Island, said he had not informed other members of the commission that he was retained as a lawyer by the developers. He discussed his legal representation publicly for the first time when questioned in an interview this week.

The two projects involve clearance for a luxury town house and marina development in Great Kills Harbor and a rezoning petition concerning a bowling alley-theater complex in Travis -including a disputed street closing that is being challenged in court.

Mr. Gulino said he would disqualify himself from discussing or voting on the matters if they came before the commission.

Herbert Sturz, the chairman of the seven-member commission, declined through a spokesman to comment on the propriety of commission members representing real-estate developers who have business before the commission or other city departments.

Section 2604 of the City Charter says no employee of the city or a city agency "shall act as attorney, agent, broker, director, officer, employee or consultant for any person, firm, corporation or other entity interested directly or indirectly in any manner whatsoever" in business dealings with the city.

An ethics infraction could result in Mr. Gulino's removal from the part-time $21,000-a-year position on the commission. Under criminal statutes, an intentional violation of the code could result in a misdemeanor charge with a maximum jail sentence of less than one year if convicted.

Mr. Gulino's association with real-estate companies has been questioned by the two principal officers of the Travis Civic Assocation, a homeowners group, and by Assemblyman Robert A. Straniere, Republican of Staten Island.

The association leaders said Mr. Gulino failed to tell them that he represented a developer in the Travis section, the Staten Investors Group, after they asked him in 1983 to support a campaign to rezone from commercial to residential use a site on which the developer is now constructing a bowling alley and movie theater.

"If, in fact, Mr. Gulino was counsel for the developer I would think there might be grounds to examine conflict of interest," Joseph J. Rajewski, the vice president of the association, said.

Mr. Rajewski noted that the association had initially asked that the site, which was later obtained by the Staten Investors Group from the city, be rezoned as residential to improve the area. The rezoning question is still awaiting review by the commission.

"It just reinforces the view that deals are being made," Anthony Maniscalco, the president of the association, said.

Mr. Gulino said he did not know the rezoning plan's details and was "supportive of the community's desires."

Assemblyman Straniere, whose district includes Great Kills, said Mr. Gulino "probably should not have" represented the corporation that wants to build the condominum town houses and marina. From the onset of the project, Mr. Straniere said, it was known that some aspects would have to be authorized by the Planning Commission. Appointed by Koch

Mr. Gulino, who is 40 years old, was appointed to the commission by Mayor Koch in 1978. At the time he was law chairman of the Staten Island Democratic County Committee. Democratic workers in Staten Island say Mr. Gulino is a close associate of Nicholas LaPorte, the borough's Democratic leader.

A building owned by Mr. Gulino at 85 New Dorp Lane houses his law office and the headquarters of the county's Democratic Party committee.

According to deeds filed with the Richmond County Clerk's office on Staten Island, Mr. Gulino was the lawyer for at least a dozen land purchases by the Great Kill Development Corporation in 1984.

The corporation has acquired 45 acres of waterfront and inland property in Great Kills Harbor and has filed plans with the City Planning Department to construct 65 condominium homes and a marina. The deeds indicate that the 45 acres were bought at a minimum cost of $5 million.

The proposal requires approval from the Planning Commission for landscaping changes, a commission spokesman, Martha Ritter, said. On Dec. 9, the

commission referred a preliminary application for the alterations to Community Board 3 on Staten Island for further review.

Mr. Gulino said he was not present at the Dec. 9 meeting. In the interview this week, he said he had represented the Great Kill Corporation only in real-estate title closings. He emphasized that the corporation would not seek any zoning changes from the commission and said the landscaping authorization was of a "routine" nature.

"I'm very meticulous," he said. "I would not represent any client before the commission.

"I don't represent real-estate developers. I have a general law practice that includes clients who intend to buy a house or a piece of property with the right of use already established."

Mr. Gulino's role as a lawyer for the Staten Investors Group, the partnership that is building the bowling alley-theater complex, was disclosed through a lawsuit against the group and the city. The group in late 1983 and early 1984 negotiated and bought a vacant 2.3 acre site of city land in Travis for $186,000 from the city's Public Development Corporation.

The group, in papers filed with the Development Corporation, said the city-owned land was needed for the construction of a bowling alley, retail shops and a restaurant on the property and an adjacent eight-acre site along the West Shore Expressway at Victory Boulevard and Wild Avenue.

The city property was removed from public auction and sold in March 1984 to Staten Investors by the Development Corporation, which seeks to promote industrial expansion and jobs in the city. Mr. Gulino did not participate in the negotiations but represented Staten Investors in obtaining the adjoining property for more than $1 million, according to city records.

In 1984 and 1985, he also represented the developer in a suit that led to the so-called demapping of an unconstructed one-block-long street next to the alley-theater complex. The suit was brought in State Supreme Court on Staten Island to prevent property owners adjoining the complex from claiming infringements on their land by Staten Investors. Owns Vacant Property

John DePietro, who owns vacant property alongside the city site that was obtained by Staten Investors, said in a suit filed in November in State Supreme Court on Staten Island that the demapping was illegal and deprived him of access to his property.

His lawyer, John Gussow who is law chairman of the Republican Party on Staten Island, said the suit by Staten Investors "resulted in the mysterious and unorthodox demapping" of part of Walton Avenue, the only mapped street leading to Mr. DePietro's property.

Mr. DePietro had opposed the negotiated sale of the city land to Staten Investors, and records in the Development Corporation show that in 1984 he had requested that the site be auctioned publicly to the highest bidder.

Mr. Gulino said that he was unaware that the DePietro suit had been filed and that he had no knowledge about the street demapping.