Case No. 15 CV 4094 (KAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE E. GILDER,

                                 Plaintiff,

- against -

JOHN P. GULINO, *et al.*,

                                 Defendants.

# THE BOARD OF ELECTION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Stephen Kitzinger*
*Tel:  (212) 356-2087*

## TABLE OF CONTENTS

**Page**

FACTS ................................................................................................................................. 3

PRELIMINARY STATEMENT .......................................................................................... 4

STANDARD OF REVIEW .................................................................................................. 6

ARGUMENT ........................................................................................................................ 7

    POINT I ................................................................................................................... 7

        Plaintiff's Failure to Allege That the Board Discriminated Against Him Pursuant to a Policy or Practice is Fatal to His §§ 1981 and 1983 Claims ................................... 7

    POINT II .................................................................................................................. 9

        Even Assuming that the Board Acted Pursuant to a Policy or Practice, Plaintiff Has Failed to Plead a *Prima Facie* Case of Discrimination Under 42 U.S.C. § 1981 or 1983 ............................................................... 9

    POINT III ................................................................................................................ 10

        Plaintiff's Failure to File a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission Against the Board is Fatal to His Claim Under Title VII ....................................................... 10

    POINT IV ............................................................................................................... 11

        Even Assuming that Plaintiff Had Filed a Charge of Discrimination with the EEOC Against the Board, He Has Failed to Plead a *Prima Facie* Claim of Discrimination under Title VII of the Civil Rights Act of 1964 (and 42 U.S.C. §§1981 and 1983, and the City and State Human Rights Laws) ................................................... 11

        A.   The Board is neither an actual or potential employer of plaintiff and plaintiff is not a potential employee ........................................................................... 11

        B.   Plaintiff has failed to allege any facts to suggest that the Board acted with a discriminatory animus ................................................................................... 12

**Page**

POINT V .................................................................................................................. 11

    Plaintiff Has Failed to Allege a *Prima Facie* Case
of Discrimination under Title VI of the Civil Rights
Act of 1964 ...................................................................................................... 13

POINT VI ................................................................................................................ 14

    In the Alternative, Should the Court Dismiss
Plaintiff's Federal Claims, It Should Decline to
Exercise Supplemental Jurisdiction over His New
York City and State Human Rights Law Claims ...................................... 14

CONCLUSION ................................................................................................................ 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAWRENCE E. GILDER,

                              Plaintiff,

        CV 15-4094 (KAM)

   - against -

JOHN P. GULINO, *et al.*,

                             Defendants.

------------------------------------------------------------------------ x

**THE BOARD OF ELECTION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant Board of Elections in the City of New York (the "Board") submits this memorandum of law in support of its Motion to Dismiss the Complaint (the "Complaint"). Plaintiff brings this action against, among others, the Board, asserting claims of racial discrimination pursuant to 42 U.S.C. § 1981 and 1983, Titles VI and VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000d and 2000e, respectively), and the New York City and State Human Rights Laws. Principally, he asserts that John P. Gulino ("Gulino"), the chairman of the Democratic Committee of Richmond County (the "DCRC"), discriminated against him by failing to consider him as a candidate to be the Democratic Party's nominee in the May 5, 2015 Special Election for Member of Congress from New York's 11th Congressional District (the "Special Election"). Plaintiff's claims against the Board should be dismissed because he has failed to allege facts that plausibly state a claim upon which relief may be granted. Furthermore and more specifically, plaintiff's claims against the Board brought pursuant to 42 U.S.C. §§ 1981 and 1983 fail because: (1) he fails to allege that the Board acted pursuant to a policy or practice;

(2) that the Board acted with intent; (3) that he was denied the right to vote; and (4) the Board is a ministerial body with no legal authority to conduct more than a facial review of documents. With regard to plaintiff's Title VII claim, his failure to file a charge of discrimination against the Board is fatal to his claim. Moreover, he has failed to allege that the Board was a potential employer in a position to offer him the nomination, that he was a potential employee, or that the Board acted with discriminatory intent when it accepted the Certificate of Nomination. Because the City and State Human Rights Laws are analyzed under the same formula as the Title VII claim, they, too, fail.

    The Title VI claim fails, too, because, plaintiff failed to allege that the Board discriminated against him on account of his race, that such discrimination was intentional (which must be pled with particularity), and that such discrimination was a substantial or motivating factor for accepting the Certificate of Nomination.

# FACTS[1]

Plaintiff sought to be the Democratic Party nominee in the Special Election. Complaint, ¶ 94. The Democratic Party[2] declined to invite plaintiff in to be interviewed for the nomination and instead interviewed only White individuals as part of the selection process. Complaint, ¶ 103. At the conclusion of the selection process, the Democratic Party selected Vincent Gentile to be the Democratic nominee and memorialized that selection in a Certificate of Nomination that was filed with the Board of Elections. Declaration of Stephen Kitzinger in Support of the Board of Elections in the City of New York's Motion to Dismiss the Complaint, ¶ 3, Exhibit A.[3] There were no challenges to the Certification of Nomination made before the Board of Elections or in New York Supreme Court. Gentile, who was also the nominee of the Working Families Party, lost the Special Election to the Republican/Conservative/Independence Party nominee, Daniel Donovan.

On or about March 10, 2015, plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") alleging that he was the victim of discrimination in connection with the selection of the Democratic Party nominee for the Special Election on the basis of his race and color. Complaint, ¶ 50; Exhibig H.

---

[1] Solely for the purpose of this motion to dismiss the complaint, the allegations set forth in the complaint and cited herein are deemed to be true.

[2] Although plaintiff alleges injury arising from the actions of, among others, the DCRC relating to the selection of the Democratic Party nominee for the Special Election, pursuant to the Rules of the New York State Democratic Party, adopted pursuant to N.Y. Election Law § 2-114, the 11th Congressional District Committee of the Democratic Party selected the nominee.

[3] As set forth below, the Court may take judicial notice of the Certificate of Nomination as it is a matter of public record.

## **PRELIMINARY STATEMENT**

A reading of the complaint suggests that plaintiff is asserting: (1) claims of "employment discrimination" in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the New York State and City Human Rights Laws; (2) claims that his rights to associate and exercise his franchise in violation of the First and Fifteenth Amendments; and (3) that the Board, in violation of Title VI of the Civil Rights Act of 1964, recklessly supervised the Special Election.

With regard to the employment discrimination claims, it seems that plaintiff complains that he was not selected by Gulino to be the Democratic Party nominee in the Special Election on account of his race, color, and/or national origin and that the Board had an obligation to look beyond the Certificate of Nomination to determine whether or not the process by which the nominee was selected was tainted by racial bias. To support his claims against the Board, plaintiff makes a series of conclusory allegations about the actions of "defendants" and fails to specify even a single discriminatory act allegedly taken by the Board or its staff. Plaintiff, again in a series of conclusory allegations that are both factually and legally incorrect, alleges that the Board "had an obligation to ensure that the entire election process, including the selection of candidates for office, in (sic) done by a process whereby no person is subjected to invidious discrimination," and that the Board, generally speaking, was corrupt. Complaint, ¶¶ 32 and 33. The complaint is lacking even a single allegation in which plaintiff alleges that the Board was involved in the selection of the Democratic Party nominee or, assuming that the selection was discriminatory, that the Board had any reason to know of such discrimination and, if it had, that it had the authority to take remedial measures.

Even assuming that plaintiff had in fact alleged facts or law to support his claim that the Board had the duty to ensure that there was no discrimination in the selection of the

-4-

Democratic Party nominee in the Special Election, he'd be legally incorrect. Quite to the contrary of what plaintiff would like this Court to believe, substantive New York law limits the Board's ability to review Certificates of Nomination to the face of the document and its own records. *Schwartz v. Heffernan*, 304 N.Y. 474, 480 (1952); *Wicksel v. Cohen*, 262 N.Y. 446, 449 (1933); *Schwartz v. DeSapio*, 9 A.D.2d 756 (1st Dep't 1959); *Bednarsh v. Cohen*, 267 A.D. 133, 135 (1st Dep't 1943). It is long and well established that the Board is a ministerial agency and is prohibited from making just the sort of inquiry that plaintiff alleges is required. *Heffernan*, 304 N.Y. at 480 ("It is settled that boards of election have no power to deal with questions of fact or with objections involving matters not appearing upon the face of the petition, and that such extrinsic matters, if any, are to be determined in court proceedings only. In other words, the board's power to determine the validity of a nominating petition 'extends only to ministerial examination' and the board 'may not go behind a petition designating candidates for primary election.') (internal citations omitted).

With regard to his claim that the Board violated his rights under the First and Fifteenth Amendments by impairing his right of civic association as well as his right to exercise the franchise, he has failed to allege any facts to support such a claim. He fails to allege that he was denied the opportunity to associate with anybody or that he was denied the right to vote. In short, the complaint is devoid of even a single allegation that would support such a claim.

Finally with regard to his claim under Title VI, he has failed to allege that the Board acted with intent as required to make out a *prima facie* claim. To the contrary, he has alleged that the Board acted recklessly – a standard that even if plaintiff alleged sufficient facts to meet (which he did not) – would not support a claim under Title VI.

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). All factual allegations in the complaint must be accepted as true, and the complaint must be viewed in the light most favorable to the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). A motion to dismiss should be granted unless plaintiff has pled a set of facts that plausibly states a claim for relief. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).

Although a court is limited to the facts stated in the complaint, for purposes of a Rule 12(b)(6) motion, the complaint includes any documents attached as exhibits and any documents incorporated by reference. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). Further, a court resolving a motion to dismiss the complaint may also consider matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably challenged." This includes matters of public record. *Lakonia Management Ltd.v. Meriwether*, 106 F. Supp. 2d 540 (*citing Pani v.*

*Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)), *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Even liberally construed, plaintiff has failed to plead a set of facts that supports recovery.

## ARGUMENT

### POINT I

**PLAINTIFF'S FAILURE TO ALLEGE THAT THE BOARD DISCRIMINATED AGAINST HIM PURSUANT TO A POLICY OR PRACTICE IS FATAL TO HIS §§ 1981 AND 1983 CLAIMS.**

In order to prevail on his §§ 1981 and 1983 claims against the Board, plaintiff must show that a policy or custom of the Board caused the alleged deprivation of his civil rights. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Jett v. Dallas Independent School District*, 491 U.S. 701, 735-36 (1989). Under §§ 1981 and 1983, a local governmental agency may not be held liable solely on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95; *Jett*, 491 U.S. at 735-36; *Ricciuti v. N.Y.C. Transit Authority*, 941 F. 2d 119, 122 (2d Cir. 1991). Rather, plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, plaintiff makes a single allegation against the Board that alleges that it "has an obligation to ensure that the entire election process, including the selection of candidates for office, [is] done by a process whereby no person is subjected to invidious discrimination." Complaint, ¶ 32. This allegation, is nothing more than an unsupported conclusion of law (which is incorrect in any event) and is therefore not entitled to consideration as a "fact" supporting his

claim. Moreover, plaintiff alleges that he was harmed by the actions of Gulino and the DCRC[4] during the selection of the Democratic Party nominee – a process in which it is not even alleged that the Board was involved. The Board's only role here was to accept a document – the Certificate of Nomination – for filing. As the Certificate of Nomination was valid on its face (and, notably, there was no challenge to it under the Election Law), the Board lacked authority under State Law to look beyond the face of the document.

Even if the Board did have such an obligation to ensure that the election process is devoid of invidious discrimination – which it does not (and could not possibly police in any event) – plaintiff cannot demonstrate (as he must) that such a policy was the "moving force" behind any alleged constitutional violations here. *See Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury."). Indeed, given that there is not even a single allegation that the Board participated in or even had knowledge of the allegedly discriminatory actions by Gulino and the DCRC, and the lack of a challenge to the Certificate of Nomination under the Election Law, it is clear that there is no causal connection between the Board's acceptance of the Certificate of Nomination (as it was required to accept under the Election Law) and any injury. *See Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 686 (2d Cir. 1997) (recognizing that "the Supreme Court consistently has refused to impose § 1983 liability upon defendants where the causal connection between their conduct and the

---

[4] Notwithstanding plaintiff's claims, the DCRC did not select the Democratic Party nominee for the Special Election. *See* footnote 2.

constitutional injury is remote rather than direct"), *cert. denied*, 525 U.S. 1139 (1999); *Cuevas v. City of New York*, 07 Civ. 4169, 2009 U.S. Dist. LEXIS 114984, *12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right.").

Accordingly, and regardless of whether he was the victim of invidious discrimination, plaintiff has failed to allege sufficient facts to plausibly suggest the existence of a viable claim for relief against the Board pursuant to 42 U.S.C. §§ 1981 and/or 1983.

POINT II

**EVEN ASSUMING THAT THE BOARD ACTED PURSUANT TO A POLICY OR PRACTICE, PLAINTIFF HAS FAILED TO PLEAD A *PRIMA FACIE* CASE OF DISCRIMINATION UNDER 42 U.S.C. § 1981 OR 1983.**

In addition to following the analytical framework for a claim of discrimination under Title VII, in order for plaintiff to make out a *prima facie* claim under 42 U.S.C. §§ 1981 or 1983,[5] he must allege that defendants acted with discriminatory intent or purpose. *Gen. Bldg. Contractors Ass'n,. v. Pennsylvania*, 458 U.S. 375, 389 (1982); *Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012) (citations omitted). Here, plaintiff has only alleged that the Board acted negligently or, at worst, recklessly, by failing to ensure that the electoral process was not infected with invidious discrimination. At no point does plaintiff even suggest a factual or legal basis for

---

[5] The complaint, in the "Second Cause of Action," refers to the Fifteenth Amendment right to exercise the franchise, but nowhere in the complaint is any allegation that plaintiff was denied the right to vote. In an exercise of caution, the Board is treating the claim as if plaintiff were also asserting an Equal Protection Clause claim.

-9-

imposing this requirement on the Board nor does he suggest that the Board would have had actual or constructive knowledge of the alleged discrimination.  In the absence of knowledge of the alleged discrimination, logically there can be no intent.  Because of the foregoing, it is clear that plaintiff cannot prevail on a claim under §§ 1981 or 1983 because he has failed to allege that the Board acted with any discriminatory intent or purpose.

POINT III

**PLAINTIFF'S FAILURE TO FILE A CHARGE OF DISCRIMINATION WITH THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AGAINST THE BOARD IS FATAL TO HIS CLAIM UNDER TITLE VII.**

A plaintiff who does not file a Charge of Discrimination ("Charge") against a defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") has failed to comply with the mandatory condition precedent for bringing a claim pursuant to Title VII.  42 U.S.C. § 2000e-5(e).  "A private plaintiff under Title VII must satisfy two conditions before commencing suit in federal court.  First, the complainant must file timely administrative charges with the EEOC . . . .  Second, the complainant must await dismissal of the administrative charge (or a failure to act) . . . ."  *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006); *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 401-404 (2008) (finding plaintiff must file an EEOC charge before filing a lawsuit); *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) (holding ADA Title I "requires a claimant to file a charge of employment discrimination with the EEOC . . . .").

In the case at bar, plaintiff alleges only that he filed a Charge with the EEOC against defendants Gulino and the DCRC.  Complaint, ¶ 50; Exhibit H.  Because he failed to file a Charge against the Board, his Title VII claim against the Board must be dismissed.

-10-

POINT IV

**EVEN ASSUMING THAT PLAINTIFF HAD FILED A CHARGE OF DISCRIMINATION WITH THE EEOC AGAINST THE BOARD, HE HAS FAILED TO PLEAD A *PRIMA FACIE* CLAIM OF DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (AND 42 U.S.C. §§1981 AND 1983, AND THE CITY AND STATE HUMAN RIGHTS LAWS).**

To establish a *prima facie* case of discrimination under Title VII, plaintiff must show that: "(1) []he is a member of a protected class; (2) []he was qualified for the position []he [sought]; (3) []he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Wojcik v. Brandiss*, 973 F. Supp. 2d 195, 206 (E.D.N.Y. 2013) (*citing Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008); *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010)). Claims of employment discrimination asserted under the New York State and City Human Rights Law are analyzed under the same framework as under Title VII. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714-15 & n.6 (2d Cir. 1996). The same is true for claims of employment discrimination brought pursuant to 42 U.S.C. §§ 1981 and 1983. *Ruiz*, 609 F.3d at 491.

**A.    The Board is neither an actual or potential employer of plaintiff and plaintiff is not a potential employee.**

Plaintiff's claim fails because he has failed to allege that the Board was a potential employer. Specifically, he purports to have sought the nomination, but fails to allege that the Board had the authority to grant him the nomination (it could not). Moreover, the ultimate employer, had plaintiff been successful, would have been the United States, which, pursuant to 42 U.S.C. 2000e(b) is not an employer. Additionally, even assuming that the Board were an

-11-

employer here (it is not), plaintiff was not a potential employee as Title VII excludes "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof." 42 U.S.C. § 2000e(f).[6] Accordingly, plaintiff has failed to plausibly state a claim for relief under Title VII.

**B. Plaintiff has failed to allege any facts to suggest that the Board acted with a discriminatory animus.**

Plaintiff's claims of discrimination are implausible on their face and nothing more than bare conclusions unsupported by any factual allegations and certainly not sufficient to state a claim against the Board. No facts were alleged in the complaint to show that the Board participated in the selection of the nominee or that the acceptance of the facially valid Certificate of Nomination took place under circumstances giving rise to an inference of discrimination. Plaintiff's sole allegation is that the Board failed to investigate the facts and circumstances surrounding the selection of someone other than himself as the nominee (nor did plaintiff allege that the Board had the authority to conduct such an investigation and, if it had, take action in response to a finding of discrimination). Because there are no facts alleged that would support an inference of discrimination, the claims necessarily fail.

---

[6] The Board acknowledges that this provision relates to state and local elected officials, not federal ones, but notes its application by analogy to being selected as the nominee for the Special Election. Fundamentally, plaintiff's claim against the Board lacks any sort of logical consistency as there is no allegation that the Board was involved in the selection of the nominee or had the authority to make him the nominee.

-12-

POINT V

**PLAINTIFF HAS FAILED TO ALLEGE A *PRIMA FACIE* CASE OF DISCRIMINATION UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.**

Plaintiff, in his "Sixth Cause of Action," purports to allege a claim under Title VI for "Reckless Supervision of the Special Election." Complaint, Sixth Cause of Action, p. 31. To make out a claim under Title VI, a plaintiff must allege (and later prove) that; (1) "the defendant discriminated against him on the basis of race;" (2) "the discrimination was intentional;" and (3) "the discrimination was a 'substantial' or 'motivating factor' for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69. Additionally, "for a claimant to recover under Title VI against an employer for discriminatory employment practices, a threshold requirement is that the employer be the recipient of federal funds aimed primarily at providing employment." *Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 276 (2d Cir. 1981); *see also Acheampong v. N. Y. City Health & Hosps. Corp.*, 2015 U.S. Dist. LEXIS 37933 (S.D.N.Y. 2015, *Johnson v. Cty of Nassau*, 2014 U.S. Dist. LEXIS 133175, *57 (E.D.N.Y. 2014), 42 U.S.C. § 2000d-3.

Here, plaintiff alleges no facts that even suggest that the Board discriminated against him (all discriminatory acts alleged in the complaint were undertaken by defendant Gulino, not the Board). *A fortiori*, there are no allegations concerning the Board's intent to discriminate as the only action alleged to have been taken by the Board was to accept the filing of a facially valid Certificate of Nomination. Moreover, plaintiff makes only a conclusory allegation that the "[d]efendants received Federal (sic) financial assistance related to the Special Election." Complaint, ¶ 145. As set forth above, conclusory allegations are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). Even if it

were, such an allegation is insufficient as there is nothing within the allegation concerning federal funding that supports the conclusion that such funding was aimed at providing employment or that such funds would have supported plaintiff's "employment" had he been awarded the nomination.

### POINT VI

**IN THE ALTERNATIVE, SHOULD THE COURT DISMISS PLAINTIFF'S FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER HIS NEW YORK CITY AND STATE HUMAN RIGHTS LAW CLAIMS.**

28 U.S.C. §1367(a) provides:

> (a)    Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.

As set forth in 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction to hear plaintiffs' supplemental state law claims under any of the four instances described therein, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

As discussed above, plaintiff's federal claims should be dismissed for failure to state a claim upon which relief may be granted. Once these claims are dismissed, there will be no claims brought by plaintiff over which this Court has original jurisdiction, as those remaining claims each arise under state law. Under such circumstances, even if the state law claims were

viable, which they are not (Point IV, above), the Court should decline to exercise its supplemental jurisdiction, and should dismiss plaintiff's state law claims.

## CONCLUSION

For the reasons set forth herein, defendant Board of Elections in the City of New York respectfully requests that the Court enter an Order dismissing the complaint and for such other and further relief as is just and proper.

Dated:    New York, New York
          October 15, 2015

                                              **ZACHARY W. CARTER**
                                              Corporation Counsel of the
                                                City of New York
                                              Attorney for the Board of Elections
                                                in the City of New York
                                              100 Church Street, Room 2-126
                                              New York, New York  10007
                                              (212) 356-2087
                                              e-mail: SKitzing@law.nyc.gov

By:    s/Stephen Kitzinger
        Stephen Kitzinger
        Assistant Corporation Counsel