UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAWRENCE E. GILDER,

                                                Plaintiff,

                                                CV 15-4094 (KAM)

   - against -

JOHN P. GULINO, *et al.*,

                                              Defendants.

------------------------------------------------------------------------ x

**THE BOARD OF ELECTION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

       Defendant Board of Elections in the City of New York (the "Board") submits this reply memorandum of law in response to plaintiff's Memorandum of Law in Opposition of (sic) Motion to Dismiss ("Memorandum in Opposition") and in further support of its Motion to Dismiss the Complaint (the "Complaint"). Plaintiff goes on for 49 pages about the need for discovery and the "transparent process," but fails to address the vast majority of the legal arguments raised by the Board in its opening papers. On that basis alone, this Court should grant the Board's motion to dismiss. Specifically, plaintiff failed to even acknowledge, no less dispute, that: (1) to make out a claim against a governmental body under 42 U.S.C. §§ 1981 or 1983, one must allege action was taken pursuant to a policy or practice; (2) he did not claim that he was denied the right to vote; (3) the Board lacked the authority to look behind the face of the Certificate of Nomination and inquire as to whether or not the process by which Gentile was nominated was infected by bias; (4) he failed to file a charge of discrimination with the US EEOC against the Board; (5) that the Board was not a potential employer nor that he was a

potential employee under Title VII; or (6) that the alleged federal funding did not relate to any employment and therefore there can be no employment related claim pursuant to Title VI. With regard to the Board's argument that plaintiff failed to allege that the Board acted with discriminatory intent, the Complaint itself is clear that he has not made any such allegation and plaintiff's opposition merely states, *ipse dixit*, that the Board deviated from its normal process, but fails to identify what that alleged deviation was (and that it was due to plaintiff's protected status). Accordingly, and as set forth more fully below, the claims against the Board should be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFF ABANDONED HIS CLAIMS AGAINST THE BOARD BY FAILING TO RESPOND TO ITS ARGUMENTS IN THE MOTION TO DISMISS.**

A plaintiff who fails to respond to arguments made against his claims in a motion seeking judgment on those claims is deemed to have abandoned the claims to which he failed to respond. *Dudek v. Nassau County Sheriff's Dep't*, 991 F. Supp. 2d 402 (E.D.N.Y. 2013) (dismissing complaint because plaintiff did "not address Defendants' argument in his opposition brief and has therefore abandoned all objections to it."). "'Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.'" *Petrisch v. HSBC Bank USA, Inc.*, 2013 U.S. Dist. LEXIS 45346 (E.D.N.Y. 2013) (*quoting Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

Here, over 49 pages, plaintiff failed to spill even a drop of ink to counter the Board's arguments that: (1) his Title VII claim against the Board fails because: (a) it is barred by his failure to file a charge of discrimination with the US EEOC; (b) the job of United States Representative is not a "job" covered by Title VII as it is an elected position; and (c) there are no allegations in the Complaint suggesting that the Board acted with discriminatory animus;[1] (2) his Title VI claim fails because: (a) the federal funding was not aimed at providing employment and (b) he fails to allege that the Board intentionally discriminated against him and that such discrimination was a substantial or motivating factor in accepting the Certificate of Nomination; and (3) the 1981 and 1983 claims fail because: (a) plaintiff does not allege that the Board acted pursuant to a policy or practice; or (b) plaintiff did not allege in the complaint that the Board acted with intent.[2]

Because plaintiff failed to counter any of these arguments, he has abandoned each of these claims and they should be dismissed.

---

[1] Plaintiff goes on at length in his opposition to argue that because defendant Gulino has political relationships with Democrats from Staten Island the Board must have acted improperly. Plaintiff fails to address the legal requirement that to act, the Board must have the support of the majority of the whole – that is, six Commissioners – whereas there is only one Staten Island Democrat on the Board. Nevertheless, the Board addresses these arguments below.

[2] *See* footnote 1, above.

## POINT II

### PLAINTIFF HAS FAILED TO ALLEGE THAT THE BOARD ACTED WITH DISCRIMINATORY INTENT.

In an effort to overcome his failure to allege that the Board acted with discriminatory intent in accepting a facially valid Certificate of Nomination, plaintiff now claims that the Board should have known about the "transparent process" and merely "rubber stamped" the Certificate of Nomination in violation of applicable law. Memorandum in Opposition, p. 14. Nonetheless, plaintiff makes no effort to identify what law was purportedly violated and under what authority the Board could have rejected or otherwise challenged the validity of the Certificate of Nomination on its own. Because plaintiff's claims require that he allege that the Board acted with discriminatory intent and he has utterly failed to offer even a single well-pleaded factual allegation to support such a claim, plaintiff's claims fail and should be dismissed.

## POINT III

### UNITED STATES REPRESENTATVE IS NOT A JOB PROTECTED BY TITLE VII.

Without addressing the provisions of Title VII that provide that the United States is not an employer, 42 U.S.C. § 2000e(b) and that state and local elected officials are not protected by Title VII, plaintiff simply argues that the position of United States Representative is a job because there is a salary and that salary is subject to taxation. Memorandum in Opposition, p. 22. Plaintiff's view of the scope and breadth of Title VII – that is, that it protects everyone who actively earns income that is subject to taxation – ignores the actual text of the statute. Because the statute excludes both elected officials as employees and the United States as an employer, it is clear that Title VII does not apply and this claim must be dismissed.

## POINT IV

### THE SPECIAL ELECTION NOMINATING PROCESS.

Plaintiff argues both that there is no opportunity to circulate petitions in an effort to obtain a Party nomination for a Special Election, Memorandum in Opposition, pp. 23-24, and that there is no opportunity to petition one's way onto the Special Election ballot. *Id.*, pp. 27. While plaintiff is correct that the Party nominations for Special Elections, with an exception discussed below, are made pursuant to Party rules, plaintiff is completely wrong that there is no opportunity to get on a Special Election ballot through the independent nominating petition process. N.Y. Election Law § 6-138. Therefore, as supported by the Kennedy concurrence in *N.Y. State Bd. of Elec. v. Lopez-Torres*, 552 U.S. 196, 210-11 (2008), cited to and relied upon by plaintiff, Memorandum in Opposition, p. 27, where there is an alternate method to obtain ballot access, functional exclusion by the party does not violate a potential candidate's associational rights. *Lopez-Torres*, 552 U.S. at 210-11. Therefore, because plaintiff could have circulated an independent nominating petition to gain ballot access, his rights were not violated by virtue of not being granted the Democratic Party nomination.

The exception to the rule that Party nominations for elections to fill vacancies are made pursuant to Party rules is when the vacancy is filled at the General Election, rather than at a Special Election, and there is sufficient time to circulate petitions in advance of the Primary Election, at which the Party nominations would be made. N.Y. Pub. Officers L. § 42; N.Y. Election L. §§ 6-110 and 6-116. Ironically, it is believed by many that Governor Cuomo was intending to allow that process to play out and have the Party nominations for the election to fill the vacancy be made at the Primary Election, but individuals including the plaintiff sued the Governor to compel him to call a Special Election, one at which the Party nominations would be

made pursuant to Party rules.  Memorandum in Opposition, p. 23.  Plaintiff should be judicially estopped from now complaining of the method by which the Party nominations were made for the Special Election.

Moreover, once the Certificate of Nomination had been filed, plaintiff could have filed an objection to it and then challenged it in court.  N.Y. Election Law § 16-102.  Plaintiff could have challenged the Certificate of Nomination as being made in violation of the Party rule that prohibits discrimination but failed to do so.  That plaintiff failed to exercise his rights under state law does not give rise to a federal claim.  *Rivera-Powell v. NYC Bd. of Elec.*, 470 F.3d 458, 468, fn. 9 (2d Cir. 2006) ("Where a state law remedy gives a party 'a meaningful opportunity to challenge' the state's action, 'he [is] not deprived of due process simply because he failed to avail himself of the opportunity.'" (*quoting Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984))).  Because the Election Law afforded him an opportunity to challenge the Board's acceptance and validity of the Certificate of Nomination, plaintiff's due process rights have been satisfied.

**POINT V**

**PLAINTIFF, EVEN HAD THE ALLEGATIONS SET FORTH IN THE OPPOSITION BEEN IN THE COMPLAINT, HAS FAILED TO ALLEGE THAT THE BOARD ACTED WITH INTENT.**

In order for plaintiff to establish that the Board violated his Equal Protection rights, he "would have to show that the Board intentionally discriminated against [him], either by adopting out of racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner."  *Rivera-Powell*, 470 F.3d at 470 (citations omitted).

6

Here, in the Memorandum in Opposition, plaintiff argues for the first time that: (a) "it appears cognizable that the NYCBOE is party to Gulino and the DCRC's intentional and invidious discrimination;" and (b) that there was "a stark departure from the norm in the acceptable Certificate of Party Nomination the Board of Elections certified." Memorandum in Opposition, pp. 37 and 46. Initially, one may not raise new allegations in opposition to a motion to dismiss in order to supplement the complaint in an effort to survive such motion. *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). *See also Brown v. City of New York*, No. 10-CV-5229, 2013 U.S. Dist. LEXIS 89955 (E.D.N.Y. June 13, 2013) (dismissing claims not clearly included in the complaint). Second, these allegations, even had they been included in the Complaint, are nothing more than conclusory allegations not entitled the presumption of truth and are to be not considered on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555). Lastly on this point, plaintiff never even meets his obligation to plead either that the Board acted pursuant to a policy adopted "out of racial animus" or that the Board applied "a facially neutral policy in a racially discriminatory manner," and, if so, in what manner. *Rivera-Powell*, 470 F.3d at 470. Accordingly, it is clear that the Equal Protection claim fails and should be dismissed.

## POINT VI

## THE BOARD HAS NO AUTHORITY TO LOOK BEHIND THE FACE OF THE FILED DOCUMENTS.

The Board's opening papers make it clear that under the N.Y. Election Law, the Board is a ministerial agency that may only review documents for facial validity and compliance with matters of form. The Board of Election's Memorandum of Law in Support of Its Motion to Dismiss the Complaint, p. 5. It is also clear that matters such as the one raised by plaintiff – that the process by which the Democratic Party committee selected Gentile to be its nominee must be challenged in Supreme Court pursuant to Article 16 of the Election Law, not before the Board.[3] *Schwartz v. Heffernan*, 304 N.Y. 474, 480 (1952); *Wicksel v. Cohen*, 262 N.Y. 446, 449 (1933); *Schwartz v. DeSapio*, 9 A.D.2d 756 (1st Dep't 1959); *Bednarsh v. Cohen*, 267 A.D. 133, 135 (1st Dep't 1943). Because plaintiff has not even suggested under what authority the Board could have looked beyond the face of the Certificate of Nomination or that he even attempted to raise the issue before the Board, he has failed to state a claim that the Board violated his rights in any manner.

---

[3] Plaintiff would have merely had to file an objection with the Board in order to gain standing to challenge the Certificate of Nomination just as would a person alleging that a designating or nominating petition was fraudulent. N.Y. Election Law § 16-102.

## **CONCLUSION**

For the reasons set forth herein and in the Board's opening papers, defendant Board of Elections in the City of New York respectfully requests that the Court enter an Order dismissing the complaint and for such other and further relief as is just and proper.

Dated: New York, New York
December 15, 2015

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for the Board of Elections
  in the City of New York
100 Church Street, Room 2-126
New York, New York  10007
(212) 356-2087
e-mail: SKitzing@law.nyc.gov

By: s/Stephen Kitzinger
Stephen Kitzinger
Assistant Corporation Counsel