# Langweber McQuat, LLP.

ATTORNEYS AT LAW
535 Fifth Ave., 25th FLOOR
NEW YORK, NEW YORK 10017

Telephone: (212) 951-1300                                          Email: info@langwebermcquat.com
Fax: (212) 951-1302                                                           www.langwebermcquat.com

December 15, 2016

VIA ECF

Honorable Kiyo A. Matsumoto
United States District Court Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

       Re: Lawrence Gilder v. John Gulino, et. al., 15-CV-04094-KAM-RER; Letter Requesting Pre-Motion Conference for a motion for sanctions under Fed. R. Civ. Pro. 11

Your Honor:

       We write to request a pre-motion conference for a motion for sanctions pursuant to Fed. R. Civ. Pro 11. Let us start by saying we understand the seriousness and rarity of such a motion. This will mark the first-and we sincerely hope the last-time that the undersigned has ever sought sanctions against a fellow attorney, or any party to litigation. We have substantial evidence, however, that Richard Luthmann-counsel for "plaintiff" Lawrence Gilder-filed this lawsuit for the sole purpose of harassing Mr. Gulino, in violation of Fed. R. Civ. Pro. 11(b)(1). Specifically, as will be shown in this letter and through attached exhibits, Mr. Luthmann has a long-standing personal and political conflict with Mr. Gulino, which, when combined with the utter lack of evidentiary and legal support for the allegations in the Complaint, demonstrate that Mr. Gulino initiated this action solely to harass Mr. Gulino rather than to vindicate the constitutional rights of his "client," Mr. Gilder.

       **I.**    **Introduction, Factual Background, and Applicable Law**

       Mr. Luthmann filed this Complaint on July 13, 2015, alleging that Mr. Gulino and others discriminated against Mr. Gilder in his bid to secure the democratic nomination for special election to the U.S. House of Representatives for New York's Eleventh (11th) Congressional District. Mr. Gulino and all defendants moved to dismiss the claim for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), and the Court granted the motion in its entirety on September 30th, 2016.

       On November 15, 2015, the undersigned served Mr. Luthman with a letter stating our intention to seek sanctions under Fed. R. Civ. Pro 11 if his Complaint were not

withdrawn within twenty-one (21) days of receipt of the letter.  Included with that letter was a copy of the Motion to Dismiss, as well as evidence of Mr. Luthmann's personal and political harassment of Mr. Gulino.  See Exh. A, Letter from Richard M. Langweber, Esq., to Richard A. Luthmann, Esq., Nov. 15, 2015.

Fed R. Civ. Pro. 11 prohibits a party or attorney from "presenting to the court a pleading…for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. Pro. 11(b)(1).  That same rule further authorizes the Court to impose sanctions if the party or lawyer presenting the challenged pleadings is given twenty-one days' notice of the basis for the sanctions as well as the opponent's intention to seek such sanctions, and subsequently refuses or declines to withdraw the pleading.  See Fed. R. Civ. Pro. 11(c)(1-2).

## II.    The Frivolity of the Complaint and Mr. Luthmann's History of Personal and Political Animus Towards Mr. Gulino

We will not spend much time her detailing the frivolity of the Complaint; the issue was heavily litigated and the Court issued a written decision dismissing the Complaint.  We will simply state here that the allegations of discrimination in the Complaint were conclusory, woefully insufficient as a matter of law, and without factual or evidentiary support.[1]  As the party defendants made clear in our motion to dismiss, the Plaintiff's Complaint cried out for sanction, and we maintain that position today.

Were this case simply about a complaint lacking in evidentiary, legal, or factual support, the undersigned would not even think of requesting sanctions from this Court.  When the frivolity of the Complaint is combined with Mr. Luthmann's history of personal and political animus towards Mr. Gulino, however, this case emerges as a quintessential example of when Rule 11 sanctions are appropriate.  Excerpted below are just some of the examples of Mr. Luthmann's personal and political harassment of Mr. Gulino.  The undersigned has many more instances of such harassment that we would be happy to provide to the Court, but were not included here due to space considerations.  Mr. Luthmann's harassment of Mr. Gulino includes:

- On Mr. Luthmann's Facebook page, on or about August 30, 2015, Mr. Luthmann posted a picture of himself holding a small alligator.  Below the picture was a caption stating: "My new pet alligator.  It's cold-blooded, tiny, slimey, scaley reptile and has a very, very small brain.  I will call him Gulino."  Exh B, Screenshot of Richard A. Luthmann's Facebook Page.

- Mr. Luthmann is believed to maintain a Twitter feed with the handle of "realjohngulino."  On that feed, Mr. Luthmann posted a picture of a cardboard cutout of Mr. Gulino with the caption "#NewArrival just in time for

---

[1] Of further note is that the "Plaintiff" in this case, Lawrence Gilder, is actually an employee of Mr. Luthmann's, see Compl. Exh. K, Letter from Lawrence E. Gilder to Scott Stringer, New York City Comptroller, Jan. 5, 2015, which raises a serious question about who the real "plaintiff" was in this case.

2

#huntingseason life sized #targets for #targetpractice." <u>Exh. C, "realjohngulino" Twitter Feed</u>.

- On February 9, 2015, Staten Island Live published a letter from Richard A. Luthmann stating "that there is no love lost between me and…John Gulino." <u>Exh. D, "Democratic Leader Should Explain or Resign (Letter to the Editor)", Richard A. Luthmann, Staten Island Live, Feb. 9, 2015</u>. In this letter, Mr. Luthmann criticizes Mr. Gulino's political leadership, stating that "John Gulino's (laughable) legacy will be that the local Democratic Party became a 'Raccoon Lodge' while the Republicans solidified their political machine. And until the bitter end, Gulino remains secure as the 'Grand Poobah' of the 'Racoon Lodge' because he prevents diversity of opinion on his county committee, desiring total control." <u>Id.</u>

- Mr. Luthmann has previously filed a complaint with the Democratic National Committee against Mr. Gulino for alleged age discrimination, despite the fact that Mr. Gulino is older than the individual who supposedly suffered age discrimination at Mr. Gulino's hands. <u>Exh E, Letter from Richard A. Luthmann to Democratic Nat'l and State Committees, Nov. 25, 2014</u>.

- On Mr. Luthmann's website, he has published an article, with six pictures of Mr. Gulino at the top, essentially lambasting Mr. Gulino. Specifically, Mr. Luthmann wrote that "We did a good job despite the fact that we have a Leader who has basically sold out the Democratic Party and put candidates out in the field without adequate resources." <u>Exh. F, "Do the Staten Island Democratic Party's Problems Start at the Top?"</u>.

- On or about November 4, 2015, Mr. Luthmann posted on his Facebook account a photo of himself with a cardboard cutout depicting a likeness of Mr. Gulino. In the caption to that photo, Luthmann writes "I am still spot-on about Gulino. He will always be a first class A-Hole." <u>Exh. G, Screenshot of Richard A. Luthmann's Facebook Page</u>.

- There is a Facebook conversation where Mr. Luthmann declines an invitations to join another party because "I can't harass Gulino nearly as well." <u>Exh. H, Facebook Conversation Between Richard A. Luthmann, Thomas Barlotta, James Barney, and Stephanie A. Jones</u>.

- Finally, this is not the first or only time that Mr. Luthmann has initiated unsuccessful litigation against Mr. Gulino regarding his role as Richmond County Democratic Chair. Mr. Luthmann litigated (and lost) his own failed 2013 bid to become Staten Island Borough President (see <u>Matter of Fall v. Luthmann</u>, 109 A.D.3d 540 (2nd Dept. 2013), <u>appeal denied</u>, 21 N.Y.3d 861N.Y. (Aug. 21, 2013), and also recently brought a failed litigation aimed at usurping the Party Defendants by invalidating petition signatures collected to keep Mr. Gulino on the County Committee and as its party chairman. See <u>Matter of Luthmann v. Gulino</u>,

3

131 A.D.3d 136 (2nd Dept. 2015), <u>appeal denied</u> 2015 N.Y. LEXIS 2137 (N.Y. Aug. 25, 2015).

It bears repeating that the instances excerpted here are only a small portion of the instances of Mr. Luthmann's harassment of Mr. Gulino. The undersigned is in possession of evidence of more such instances, and we will provide such evidence upon request.

### III.   Conclusion

Undoubtedly, Mr. Luthmann will argue that he has a First Amendment right to criticize Mr. Gulino and his leadership of the Richmond County Democratic Committee. We do not dispute this assertion. What the First Amendment does not protect, however, is Mr. Luthmann's abuse of this Court's process to attack personal and political rivals through a fictitious claim of constitutional violations, at the expense of Mr. Gulino and the Democratic Party of Staten Island. We respectfully ask this Court to put a stop to Mr. Luthmann's extraordinary abuse of the judicial process for his own personal and political reasons.

Respectfully,

/s/ Richard M. Langweber
Richard M. Langweber, Esq. &
Andrew L. Hoffman, Esq.
Langweber McQuat, LLP
535 Fifth Ave., 25th Floor
New York, NY 10016
P: (212) 951-1300
F: (21) 951-1302
Langweber Cell: (508) 245-9566
rlangweber@langwebermcquat.com